**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Samaniego Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-04598-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff Gerardo Samaniego Martinez's Opening Brief (Doc. 12), Defendant Commissioner of Social Security Administration's ("SSA") responsive brief requesting remand (Doc. 16), and Plaintiff's Reply (Doc. 17).

An Administrative Law Judge ("ALJ") denied Plaintiff's Application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act ("the Act") on May 13, 2016 (Doc. 12, R. at 19–31), and the Appeals Council upheld that decision on October 10, 2017 (R. at 1–4). After the ALJ rendered her decision, Plaintiff provided a letter to SSA from his former employer stating that he performed his prior work for only two months and that the employer terminated him "due to poor attendance," and the Appeals Council made that letter part of the record. (R. at 5, 261–70.)

After Plaintiff appealed the ALJ's decision to this Court and filed an Opening Brief (Doc. 12), Defendant filed a Response (Doc. 16) conceding that the ALJ made certain errors in reaching her decision and moving to remand for further development of the record and because the present record leaves doubt as to whether Plaintiff is disabled under the

Act. In his Reply (Doc. 17), Plaintiff argues that no outstanding issues remain and the Court should find Plaintiff disabled under the Act and remand for a calculation of benefits.

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Pl.'s Resp. to Mot. at 1.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

The Court has reviewed the record and agrees with Defendant that the record is not fully developed and that uncertainty remains as to whether Plaintiff is disabled under the Act. First, in her decision, the ALJ indicated she gave "great weight" to the findings of treating physician Dr. Szpaizman, but the ALJ did not incorporate into Plaintiff's residual functional capacity ("RFC") any limitation in the time he can continuously sit, even though Dr. Szpaizman stated Plaintiff could only sit for an hour at a time (R. at 892). Remand is necessary for the ALJ to determine the appropriate sitting limitation in Plaintiff's RFC based on substantial evidence in the record. Contrary to Plaintiff's argument, it is unclear if the ALJ will include the one-hour sitting limitation indicated on Dr. Szpaizman's assessment or, considering all the evidence, something else.

1 | Second, the ALJ determined that Plaintiff had past relevant work as a "printed circuit board layout taper" based on the record before her. (R. at 29.) Evidence Plaintiff produced after the ALJ issued her decision indicates Plaintiff worked as a taper for only two months, which is insufficient to qualify as past relevant work and conflicts with the evidence the ALJ considered. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) (noting two months of past work is not past relevant work). The ALJ must make a new determination regarding whether Plaintiff had past relevant work and, if not, must proceed to step five of the disability analysis—a determination if there is other work in the national economy that Plaintiff can perform. Because the ALJ determined based on incomplete information that Plaintiff had past relevant work, she did not have the opportunity to conduct a step five analysis.

In sum, because of the uncertainties left by the inconsistencies and missing evidence in the record, uncertainty also remains as to whether Plaintiff is disabled under the Act. On remand, the ALJ must (1) reanalyze Plaintiff's RFC, (2) consider Plaintiff's new evidence and determine whether he performed any past relevant work, and, (3) if not, determine whether Plaintiff can perform other work in the national economy, taking additional vocational expert testimony if needed.

For all the foregoing reasons, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

IT IS THEREFORE ORDERED remanding this matter to the Social Security Administration for further proceedings consistent with this Order. Specifically, the ALJ must (1) reanalyze Plaintiff's residual functional capacity, (2) consider Plaintiff's new evidence and determine whether he performed any past relevant work, and, (3) if not, determine whether Plaintiff can perform other work in the national economy, taking additional vocational expert testimony if needed.

. . . .

. . . .

. . . .

1     IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 25th day of March, 2019.

_____
Honorable John J. Tuchi
United States District Judge